UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION



FILED
OCT 11 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | |
|---|---|
| JERMIAH YBARRA,<br>    Petitioner,<br><br>v.<br><br>WARDEN HIJAR, UNIT TEAM, | §<br>§<br>§<br>§<br>§<br>§<br>§ |

EP23CV0382

## EMERGENCY MOTION PURSUANT TO §2241

Comes Now, Jeremiah Ybarra, herein after known as petitioner, Pro Se, moves this Honorable Court to GRANT this Motion and declares the following.

### BACKGROUND

On September 10, 2017, this Honorable Court sentenced petitioner to a term of 120 months for a conviction followed after trial. Petitioner has been incarcerated since November 15, 2016. Petitioner has since then been detained at the Federal Prison Camp in La Tuna. On or around August of 2023, petitioner was told by his Case Manager Mr. Gonzalez that he was set for halfway house on September 27, 2023. Then that date changed to October 11, 2023 and now one week before his family was awaiting for his release the date changed once again to November 29, 2023. Petitioner has been going through legal proceedings in State court for the care and custody of his minor daughter whom is in foster care in the State of Michigan. The Sate of Michigan is trying to terminate parental rights to his child. This circumstance was related to his Unit Team and the next hearing date for these proceedings is on November 1, 2023. Petitioner has told the State court of his release to a halfway house for those dates reuqesting that the court allow him to arrive to the halfway house to show that

he is working and doing his best to show that he is able to support his child and wanting to be there for her. Petitioner has another daughter that has been trying to commit suicide and has been in mental hospitals just recently. The mother has already told petitioner that she intends on giving custody to him. Both of petitioners daughters are awaiting for there fathers release to be with him.

### MEMORANDUM OF LAW

Petitioners seeking relief under §2241 generally exhaust their administrative remedies before presenting their claims in federal court."Exhaustion concerns apply with particular force when the action under review involves exercise of an agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise.

However, exhuastion of remedies is not a jurisdictional requirement for §2241 actions and a petitioner's failure to exhaust may thus be excused when the available remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust would be "a patently futilecourse of action" **Kennedy v. Berkebile, 2009 U.S. Dist. LEXIS 4397, 2009 WL 151207 at *2 (N.D. Tex Jan.20, 2009)(quoting Fuller, 11 F.3d at 62).** These exceptions apply "only in extraordinary circumstances" and the inmate bears the burden of showing that an exception's applicability to his case. **Fuller 11 F.3d at 62.**

Habeas Corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is execute. See **Warren v. Miles, 230 F.3d 688, 694(5th Cir.2000).**

Several circuits, and districts within this circuit, have held that a §241 petition may also be used to challenge where a federal sentence should be served, and specifically the BOP's decision not to place an inmate in an RRC. See **Mihailovich v. Berkebile, 2007 U.S Dist. LEXIS 22361, 2007 WL 942091 at *3(N.D. Tex Mar.28, 2007)(collecting cases);** see also **McConnell v. Maiorana, 2014 U.S. Dist. LEXIS 19254 2014 WL 587176 at *1-*2(W.D. La Feb. 14, 2014).**

## ARGUMENT

Petitioner has been going through a substantial amount of stress with what is going on with his children. Petitioner does not want to lose his parental rights to his minor daughters and feels even worse when he tells his daughters the date of his potential release and then break there hearts in telling them that the date has changed. The Administration has been road blocking inmates at this facility with having our First Step Act sentence and halfway house credits applied. A memorandum recently posted to federal prisoners stated:"Eligible inmates will continue to earn FTC(Federal Time Credits)towards release until they have accumalated 365 days or are 18 months from their release date, whichever happens first[emphasis added by BOP]. At this point, the release date becomes fixed, and all aditional FTC's are applied toward RRC/HC [Residential Rentry Centers/Home Confinement]placement." This will have an adverse impact on all prisoners, but especially those "close to the door." It is, of course, subject to judicial challenge, as it improperly modifies the clear language of the First Step Act, which authorizes no such conditions.

3

By way of background, the Second Chance Act(SCA), became law approximately 20 years ago, and provide up to one year (12 months) in halfway house placement, regardless of lengthg of sentence or offense, The purpose was to give a person that has been in prison an opportunity to get settled in their community, find a job, find housing, and slowly reconnect with family. Almost immediately the Bureau began to water that down to an average of 6 months, without Congressional Approval.

The Second Chance Act (SCA) made history when it was passed in 2007, with much fanfare and political self-congratulation, claim-ingthat prisoners would finally br given an opportunity to receive up to a year in halfway house to find housing, a job, a new i.d. and proper medical treatment, Of course, since that date, the Bureau has made SCA its own plaything, almost never giving the one year authorized by Congress, stating the halfway house is "full" (which is ALWAYS a lie). Note that halfway houses and RRMS are part of the BOP, although they contract with other organizations to run them. The Act has been renewed every year thereafter, and is in full force and effect, and is NOT optional.

According to the SCA, the purpose of the act is, "to assist offenders reentering the community from incarceration to establish a self-sustaining and law abiding life by providing sufficient transitional services far as short of a period as practicable , not to exceed one year, unless a longer period is specifically determined to be necessary by a medical or other appropriate treatment professional; Public Law 110 199 110th Congress,"Second Chance Act of 2007:Community Safety Through Recividism Prevention".Both FSA and SCCA are based upon public law and their

4

execution is NOT optional.

## CONCLUSION

Whereore Premisses considered, petitioner requests that this Honorable Court GRANT this Motion and review the records of LA TUNA to consider whatever explanation it has to continue to change petitioners date to where his parental rights may be in jeopardy due to them pushing his date further and further away. Petitioner is also demanding a jury trial on the issues brought forth in order to trigger the discovery process. Petitioner is also asking for a (TRO) Temperary Restraining Order for fear of being harassed or retailiated upon for exercising his rights. **IT IS SO PRAYED.**

Date:10-4-2023.                          Respectfully Submitted,

```
                                         Jeremiah Ybarra
                                         Reg#55024-280
                                         FPC LA TUNA
                                         P.O. Box 8000
                                         Anthony, N.M., 88021
```

## CERTIFICATE OF SERVICE

I, Jeremiah Ybarra, certify that this true and correct copy was placed into the mailing system located at this faclity on October 4, 2023, to be deposited into the U.S. Postal Service to be hand delivered to this Honorable Court.

```
                                         Jeremiah Ybarra
                                         Reg#55024-280
```

5

Jeremiah Ybarra
Reg#55024-280
Federal Prison Camp, La Tuna
P.O. Box 8000
Anthony, N.M. 88021

United States District Court
Office of the Clerk
525 Magoffine Ave.
Room 105
El Paso, TX, 79901

EL PASO TX 799
RIO GRANDE DISTRICT
5 OCT 2023 PM 2 L

