## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **JEREMIAH YBARRA,** § | | |
| Reg. No. 55024-280, § | | |
|    Petitioner, § | | |
| § | | |
| v. § | EP-23-CV-382-FM | |
| § | | |
| **S. HIJAR, Warden,** § | | |
|    Respondent. § | | |

### DISMISSAL ORDER

Petitioner Jeremiah Ybarra, a former prisoner at the La Tuna Federal Correctional Institution (FCI La Tuna) in Anthony, Texas, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1.

Ybarra is serving a 120-month sentence imposed in cause number P-16-CR-523-DC-1 in the Pecos Division of the Western District of Texas after a jury found him guilty of aiding and abetting possession of more than five grams of methamphetamine with the intent to distribute. He asks the Court to intervene on his behalf and order Respondent S. Hijar, the Warden at FCI La Tuna, to place him in a community corrections facility or halfway house. *Id*. at 4. He claims a transfer to a halfway house is necessary so that he may avoid losing his parental rights to his minor daughters. *Id.* at 3. Ybarra concedes he has not exhausted his administrative remedies with the Bureau of Prisons (BOP). *Id.* at 2–3. Additionally, he does not include the $5.00 filing fee or an application to proceed *in forma pauperis* with his petition.

On October 16, 2023, the Court ordered Ybarra to either (1) pay the filing fee or (2) apply to proceed *in forma pauperis* within twenty-one days of the entry of the order. The Court warned Ybarra that his failure to comply with the Court's order within the time specified could result in the dismissal of his petition without further notice to him, pursuant to Federal Rule of Civil

Procedure 41(b). *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.1998). The Court explained "[t]his authority [under Rule 41(b)] flows from the Court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

As of this date, Ybarra has not paid the $5.00 filing fee or filed an application to proceed *in forma pauperis*. His petition is, therefore, subject to dismissal for his failure to comply with a court order and his failure to prosecute his case.

Moreover, BOP records indicate Ybarra is now under the supervision of the Residential Reentry Management Field Office in San Antonio, Texas. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 55024-280, last visited Dec. 11, 2023). Hence, he has already received the sole relief sought in his § 2241 petition: transfer to a community corrections facility or halfway house. His placement has mooted his § 2241 petition, notwithstanding his continued supervision, because there is no longer a live case or controversy for which this Court may grant relief. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir.), *cert. denied*, 142 S. Ct. 82 (2021). His petition is, therefore, subject to dismissal as moot.

Accordingly, after due consideration and for these reasons, Ybarra's § 2241 petition (ECF No. 1) is dismissed without prejudice.

**SIGNED** this 12th day of December 2023.

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**